UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**CODY GRIFFIN**            *CIVIL NO. 6:15-106

**VERSUS**               *JUDGE JAMES

**JAVELER MARINE SERVICES, LLC., ET AL.** *MAGISTRATE JUDGE HANNA

## RULING

  Pending before the court is the Motion to Compel filed by the defendant, Javeler Marine Services, LLC ("Javeler") on March 2, 2016. [rec. doc. 21]. By this Motion, Javeler seeks an order of this court directing the plaintiff, Cody Griffin ("Griffin"), to provide copies of recorded statements taken by Griffin of Javeler employees, without their knowledge, six to eight months prior to his May 27, 2014 termination. Javeler requests that these statements be produced before the deposition of the person recorded is taken. These statements were requested by Request for Production of Documents number 6, propounded on July 31, 2015.

  Griffin objected to Javeler's discovery request on grounds that the statements constitute work product, claiming that the statements were recorded in anticipation of litigation, and additionally objected arguing that the request is premature before the depositions of the persons recorded are taken, since the recordings would be used for impeachment purposes. [rec. doc. 21-2, pg. 3]. No timely Opposition to the instant

Motion has been filed by Griffin.[1]

For the following reasons, **Oral argument** on April 26, 2016 is **CANCELED,** and the pending Motion to Compel and incorporated request for attorney's fees and costs [rec. doc. 21] is **GRANTED.** Griffin shall provide Javeler all of the requested statements on or before **April 29, 2016.** Javeler is awarded attorney's fees and costs in the amount of $500.00.

Griffin filed the instant lawsuit alleging that he was subjected to sexual harassment by defendant Randy Tatford while employed at Javeler, which ultimately resulted in his retaliatory termination on May 27, 2014, after reporting the harassment to defendants Jim Dore and Joshua Landry. During Griffin's deposition, Griffin testified that six to eight months prior to his May 27, 2014 termination, he surreptitiously recorded conversations he had with these defendants and other co-worker employee witnesses. It is these recorded statements which are requested herein.

The work-product doctrine is a creature of Rule 26(b)(3) of the Federal Rules of Civil Procedure. The doctrine generally protects from discovery materials created by a party, its agent or attorney, in anticipation of litigation. Fed.R.Civ.P. 26(b)(3)(A). Because the protection provided by the doctrine is not absolute, but rather qualified, assuming that work-product protection applies, such materials are discoverable upon a

---

[1] L.R. 7.5 requires that written opposition to a motion be filed within twenty-one (21) days after service of the motion.

showing of substantial need and undue hardship. Fed.R.Civ.P. 26(b)(3)(A)(ii). The party asserting work-product protection has the burden of establishing that the doctrine applies. *Hodges, Grant & Kaufmann v. U.S. Government*, 768 F.2d 719, 721 (5th Cir. 1985).

In support of the instant Motion, Javeler relies on this Court's decision in *Williams v. Gunderson Rail Services, LLC*, 2008 WL 145251 (W.D. La. 2008). The Court agrees with Javeler that *Williams* dictates the outcome of the instant Motion.

In *Williams*, on substantially the same facts, Magistrate Judge Hayes held that the "clandestine, unconsented recording [by the plaintiff] of the conversations [between the plaintiff and his co-worker employees of the defendant] vitiated the work product privilege." *Williams*, 2008 WL 145251, at *3. In so holding, Judge Hayes cited and agreed with a prior Eastern District case holding that "the act of surreptitiously taping conversations in which [the plaintiff] deliberately engaged unsuspecting co-workers, vitiates the qualified protection of Rule 26(b)(3)." *Id.* at *1 *quoting Pfeifer v. State Farm Ins. Co.*, 1997 WL 276085, *9 (E.D. La. 1997). Judge Hayes additionally cited the fact that "virtually all cases dealing with this issue have held the clandestine recordings of conversations with potential fact witnesses, whether made by a party or by counsel, before or after counsel is consulted, are not shielded under the work product doctrine." *Id.* at *2 *citing Smith v. WNA Carthage, L.L.C.*, 200 F.R.D. 576, 578 (E.D. Tex. 2001) (citing cases). This Court is persuaded by Judge Hayes

reasoning, and by both the number of courts to reach the same decision and the quality of their reasoning. Accordingly, the Court holds that Griffin's act of secretly recording the conversations he had with defendants Randy Tatford, Jim Dore and Joshua Landry, and other co-worker employees vitiates any otherwise applicable work- product protection afforded the interviews. Thus, the recorded statements are therefore discoverable.

The Court additionally finds that Griffin should be not be permitted to depose any of the defendants or other employees whom he recorded before relinquishing the tapes to Javeler. Judge Hayes decision in *Williams* is again dispositive on this issue. In holding that the recordings at issue had to be turned over to the defense prior to the depositions of the persons recorded, Judge Hayes reasoned as follows:

> The principle of truth-seeking, a primary goal of the discovery process, is arguably protected by delaying the production of the tapes. As Williams notes, if not for the withholding of the tapes, the witnesses could simply conform their testimony to the tapes' content. On the other hand, the principles of fairness and predictability demand that the deponents be permitted to listen to the recordings in advance. These principles would be compromised by allowing a party unlimited time to craft the perfect series of questions to ambush a deponent.
>
> . . . the tapes must be disclosed in advance of the depositions. Otherwise, with months to prepare and recorded conversations available, a competent attorney could create pitfalls that even the most truthful and prudent deponent would struggle to avoid. Indeed, counsel employing this strategy could make even a witness honestly attempting to recall events truthfully appear less credible. A deposition conducted under such circumstances would be a farce, unlikely to render a more honest and accurate outcome than would be achieved with advance disclosure.

*Williams,* 2008 WL 145251, at *3 *citing Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533 (S.D. Miss. 2005) (internal citations and quotations omitted). In so holding, Judge Hayes relied on Judge Starrett's decision in *Mason* which also noted "a party manufacturing evidence will likely produce it in a fashion presenting his or her case in a most favorable light. Unfavorable evidence may well not be gathered or conveniently lost or discarded. All of this counsels against delaying production of a recording because the recording itself assumes such importance that ascertaining its integrity outweighs any impeachment value it might have." *Mason*, 229 F.R.D. at 536. While there are cases from other jurisdictions holding the opposite, the Court finds Judge Haye's (and Judge Starrett's) reasoning to be more persuasive and consistent with the Fifth Circuit jurisprudence. As noted by Judge Starrett of the Southern District of Mississippi in *Mason*, the spirit of the Fifth Circuit's articulated purpose of discovery is embodied by requiring advance disclosure "making a trial less a game of blind man's bluff and more a fair contest" where each party can knowledgeably evaluate the strength of its evidence and chances of ultimate success. *Mason*, 229 F.R.D. at 536 *quoting Chiasson Zapata Gulf Marine Corp*, 988 F.2d 513, 517 (5th Cir. 1993) (internal citations omitted).

Under Rule 37(a)(5)(A), when a motion for an order compelling discovery is granted, "the court *must,* after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses

incurred in making the motion, including attorney's fees" unless, *inter alia*, "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A). Similar sanctions, which may be imposed in addition to other Rule 37 sanctions, are authorized under Rule 37(d)(3) for a party's failure to act, which includes a party's failure to respond to requests for the production of documents.

A party's discovery conduct is "substantially justified under Rule 37 if it is a response to a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Orthoflex, Inc. v. ThermoTek, Inc.*, 2015 WL 4486756, *8 (N.D. Tex. 2015) *citing S.E.C. v. Kiselak Capital Grp., LLC,* 2012 WL 369450, at *5 (N.D. Tex. 2012) *quoting Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)) (internal quotation marks omitted). The burden is on Griffin to show that his actions were substantially justified. *Id. citing Poly–America, L.P. v. Stego Indus., LLC,* 2011 WL 1583913, at *2 (N.D. Tex. 2011) *citing Avance v. Kerr–McGee Chem., LLC*, 2006 WL 3912472, at *2 (E.D. Tex. 2006).

Here, the Court provided Griffin an opportunity to respond to the Motion, and further expressly advised Griffin that his failure to timely respond to the Motion would result in the Court's finding the Motion to be unopposed. [rec. doc. 22]. Griffin, however, failed to file any timely opposition to the Motion. Nevertheless, even if timely opposition had been filed by Griffin, given the above cited jurisprudence, the

Court finds that Griffin's failure to produce the requested recorded statements prior to the taking of depositions of the persons recorded was not substantially justified and that permitting an award of sanctions would be not be unjust.  Indeed, Griffin's failure to produce the requested recorded statements even after the filing of the instant Motion citing potentially dispositive jurisprudence from this District, has necessitated a formal ruling by this Court that could have been avoided.  The Court will therefore award Javeler sanctions in the form of attorneys' fees and costs in the amount of $500.00.

      Signed this 18th  day of April, 2016.

                                    _____

                                  **PATRICK J. HANNA**
                                  **UNITED STATES MAGISTRATE JUDGE**